■ JOHN W. CAMP, Appellant, v. MARIAN V. LYONS, as Executrix of WILLIAM A. LYONS, Deceased, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, entered May 17, 1972 in the County of Rensselaer. At about 2:00 A.M. on the morning of May 23, 1970, the plaintiff was operating his automobile in a westerly direction on Routes 9 and 20 in Rensselaer County. Lyons was proceeding in an easterly directon on that highway and both operators were alone. The road was straight and dry and provided two lanes of travel in each direction and crested to the west and east of the accident scene, but both operators had an unobstructed view of several hundred feet. Camp made a left-hand turn to enter the driveway of his home which was located on the southerly side of the highway and was struck by the Lyons' car. As a result of the accident, Camp was injured and Lyons died at the scene. Thereafter, this action and one by the Lyons' estate were initiated and subsequently a joint trial was commenced. At the conclusion of the plaintiff's case in the instant action, after Camp rested, the action by the Lyons' estate against Camp was settled. Camp's attorney moved for a mistrial, arguing that they would be prejudiced if required to continue. This motion was granted. The attorneys representing the Lyons' estate, in defense of this action, opposed that motion and then rested, without producing any testimony, and moved for judgment. This motion was granted. Plaintiff appeals upon the ground that the court erred in granting the judgment of dismissal and upon the further ground that, since the court had granted a mistrial first, the court no longer had jurisdiction to grant the judgment. During the trial, Camp testified that he activated his left-turn signal several hundred feet before reaching his driveway; that he stopped opposite his driveway; that he observed headlights in the distance; that Lyons was west of Crailo Ford when Camp started to turn, and that "I figured I had ample time, so started to make my turn". From other testimony, it may be fairly concluded that the Crailo Ford property's western boundary was at least 200 feet from the point of impact. Three witnesses varyingly testified that, at the time Camp started his turn into his driveway, Lyons was 20 to 25 feet away; 45 to 50 feet away; and approximately 150 feet away. It is undisputed that, at the time of the accident, Lyons was being pursued and clocked at 60 miles an hour in a 40-mile speed zone by the State Police. It is also undisputed that the movement of his car had been "erratic" in that it moved from one east-bound lane to the other or would straddle the line between lanes. There was a variance of testimony among the witnesses as to where the impact occurred. It has long been the law of this State that "So long as a question of fact exists, it is for the jury, and not for the court". (*McDonald* v. *Metropolitan St. Ry. Co.,* 167 N. Y. 66, 70.) Clearly, there were factual questions here. There were different versions in the testimony as to the point of impact; as to the distance between the vehicles when the plaintiff commenced his turn; as to whether or not plaintiff's signalling device was operating. This conflict in the evidence and the questions of negligence and contributory negligence provided genuine questions of fact which should have been resolved by a jury. A jury might have, in weighing the testimony and in resolving questions of credibility, decided that the defendant's speed was the sole proximate cause of the accident, as was the result in a case not dissimilar to this (*Mazur* v. *Dillon,* 3 A D 2d

789). On the other hand, they might have found that Camp turned when the Lyons' vehicle was only 25 to 30 feet away and that Camp was guilty of contributory negligence, thereby precluding a recovery on his part. The important point is that they should have been given an opportunity to resolve the issues. The standard for the trial court to look to and to follow in a motion of this kind is not found in the statute itself, but rather in the case law and the standard is clearly stated in *Prince* v. *City of New York* (21 A D 2d 668). (See *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4401.13.) We decide no other issue. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.