■ Louis Calemine, Sr., Respondent, v William Hobler, Appellant. [693 NYS2d 622] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated December 3, 1998, as granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion which was for partial summary judgment is denied.

The plaintiff commenced the instant action to recover damages for personal injuries he allegedly sustained in an automobile collision. He eventually moved for partial summary judgment on the issue of liability, arguing, *inter alia*, that the defendant had violated Vehicle and Traffic Law § 1141, and therefore was negligent as a matter of law. The Supreme Court, *inter alia*, granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability, finding that the defendant was negligent as a matter of law, but it left the issue as to the plaintiff's contributory negligence, if any, to the trier of fact.

The Supreme Court erred in finding that the defendant was negligent as a matter of law. Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection * * * shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard". When viewed in the light most favorable to the defendant (*see, Cortale v Educational Testing Serv.*, 251 AD2d 528, 531; *Cunneen v Square Plus Operating Corp.*, 249 AD2d 258), the evidence in the instant case demonstrates that the plaintiff was not within the intersection when the defendant started his left-hand turn. Additionally, a triable issue of fact

exists as to whether the plaintiff was so close to the intersection so as to constitute an immediate hazard (*see, Bogorad v Fitzpatrick,* 38 AD2d 923, *affd* 31 NY2d 984; *see also, DeVivo v Perdue,* 144 AD2d 624; *McNierney v Zara Contr. Co.,* 125 AD2d 456). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.