■ Annie Fenster, Appellant, v Keith Ellis et al., Defendants, and NASC, Inc., et al., Respondents. [898 NYS2d 582]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated January 7, 2009, as granted that branch of the motion of the defendants NASC, Inc., and North American Sports Camps which was for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for summary judgment on the issue of the liability of the defendant Keith Ellis and on the issue of the vicarious liability of the defendants NASC, Inc., and North American Sports Camps.

Ordered that the order is modified, on the law (1) by deleting the provision thereof granting that branch of the motion of the defendants NASC, Inc., and North American Sports Camps which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of the liability of the defendant Keith Ellis, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly sustained injuries during an automobile accident. The plaintiff alleged that she was driving her vehicle in a northerly direction when a vehicle operated by the defendant Keith Ellis, which had been stopped in the southbound lane, made a sudden left turn to enter a shopping center, and struck her vehicle. As a result, the plaintiff commenced this action against, among others, Keith Ellis and his alleged employers

NASC, Inc., and North America Sports Camp (hereinafter together NASC). NASC moved for summary judgment, contending that Ellis was not its employee and that in any event, Ellis was not acting within the scope of his employment at the time of the accident. The plaintiff cross-moved for summary judgment on the issue of the liability of the defendant Ellis and on the issue of the vicarious liability of NASC. The Supreme Court granted NASC's motion and denied the plaintiff's cross motion. We modify.

"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his servant while acting within the scope of employment" (*Quadrozzi v Norcem, Inc.*, 125 AD2d 559, 561 [1986]; *see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431 [1981]). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (*Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]). "Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]).

Additionally, an employer cannot be held vicariously liable for its employee's alleged negligence if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business at the time of the incident (*see Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599 [2006]; *State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d 859 [2005]; *Agostino v Pennysaver Group*, 284 AD2d 353 [2001]). An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment (*see Matter of Markoholz v General Elec. Co.*, 13 NY2d 163 [1963]; *Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033 [2007]; *Davis v Larhette*, 39 AD3d 693 [2007]; *Smith v Midwood Realty Assoc.*, 289 AD2d 391 [2001]).

NASC failed to submit evidence sufficient to establish, prima facie, that Ellis was not its employee or that if he was an employee, he was not acting within the scope of his employment at the time of the accident (*see Bynog v Cipriani Group*, 1 NY3d 193 [2003]; *Riviello v Waldron*, 47 NY2d 297 [1979]). According to the NASC employees, at the time of the accident, Ellis worked for NASC pursuant to a contract which contained a "noncom-

pete clause," had no flexibility to refuse assignments, and was provided with a rental vehicle to commute to work. No evidence was submitted as to why Ellis was driving at the time of the accident.

That branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against Ellis should have been granted. The plaintiff established, prima facie, that Ellis made a left turn into the path of her vehicle without yielding the right-of-way, and under circumstances when the turn could not be made with reasonable safety. The plaintiff, who had the right-of-way, was entitled to anticipate that Ellis would obey the traffic law which required him to yield, and his violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident (*see Torro v Schiller*, 8 AD3d 364 [2004]). The Supreme Court, however, properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of NASC's vicarious liability for Ellis' negligence. Even if Ellis was an employee of NASC at the time of the accident, the plaintiff failed to submit evidence sufficient to establish, prima facie, that Ellis was acting within the scope of his employment at the time of the accident (*see Riviello v Waldron*, 47 NY2d 297 [1979]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Florio, Hall and Austin, JJ., concur.