■ MARK R. SIRLIN, Respondent, v ROBERT J. SCHREIB III et al., Appellants. [985 NYS2d 688]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Martin, J.), dated May 30, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, who was riding his bicycle westbound in a designated bicycle lane on Route 25A in Shoreham, was involved in an accident with a vehicle operated by the defendant Robert J. Schreib III (hereinafter Robert) and owned by the defendant Lynn M. Schreib. The accident occurred at an entrance to a parking lot for a shopping center when Robert, who had been traveling eastbound on Route 25A, made a left turn into the parking lot. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion.

"There can be more than one proximate cause [of an accident] and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (*Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *see Shui-Kwan Lui v Serrone*, 103 AD3d 620, 620 [2013]; *Simmons v Canady*, 95 AD3d 1201, 1202 [2012]). Consequently, "[t]o prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Pollack v Margolin*, 84 AD3d at 1342).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence that Robert, who testified at his deposition that he did not see the plaintiff until seconds before the impact, was negligent in violating Vehicle and Traffic Law §§ 1141 and 1163 (a) by making a left turn into the path of oncoming traffic without yielding the right of way to the plaintiff when the turn could not be made with reasonable safety (*see Fenster v Ellis*, 71 AD3d 1079, 1081 [2010]; *Torro v Schiller*, 8 AD3d 364, 365 [2004]; *Maloney v Niewender*, 27 AD3d 426 [2006]; *Burns v Mastroianni*, 173 AD3d 754, 755 [1991]). The plaintiff also demonstrated that Robert's negligence was the sole proximate cause of the ac-

cident and that he was not comparatively at fault in the happening of the accident through his deposition testimony that he saw Robert's vehicle stopped and waiting to make the turn, slowed down in response, stood up on his pedals to make eye contact with Robert to ensure that Robert was aware of his presence, and continued riding when he believed that Robert had made eye contact with him. Further, the plaintiff testified that, upon seeing Robert commence making the left turn in front of him, he immediately attempted to apply his brakes and maneuver around Robert's vehicle, but there was an insufficient amount of time to successfully do so (see *Yelder v Walters*, 64 AD3d 762, 764 [2009]; see also *Jaramillo v Torres*, 60 AD3d 734, 734-735 [2009]).

In opposition, the defendants failed to raise a triable issue of fact (see *Torro v Schiller*, 8 AD3d at 365).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.