In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered March 21, 2013, as, upon reargument, adhered to an original determination in an order dated September 21, 2012, granting the plaintiffs motion for summary judgment on the issue of liability.
Ordered that order is affirmed insofar as appealed from, with costs.
On December 6, 2009, the plaintiff allegedly was injured when a vehicle she was operating northbound on Hicksville Road, near its intersection with Union Avenue in Nassau County, came into contact with a vehicle operated by the defendant Ellen M. Burbury, also known as Ellen M. Papp (hereinafter the defendant driver), and owned by the defendant Stephen L. Papp. The intersection is controlled by a traffic light, and the accident allegedly occurred when the defendant driver was traveling southbound on Hicksville Road and attempted to make a left turn in front of the plaintiffs vehicle.
*757 On October 28, 2010, the plaintiff commenced this action and thereafter moved for summary judgment on the issue of liability. The Supreme Court granted the motion in the order dated September 21, 2012. Prior to perfecting their appeal from the September 21, 2012, order, the defendants moved for leave to reargue. In the order entered March 21, 2013, the Supreme Court, upon reargument, adhered to its original determination granting the plaintiffs motion for summary judgment on the issue of liability. The defendants thereafter abandoned their appeal from the September 21, 2012, order and that appeal was dismissed for lack of prosecution. The defendants now appeal from the order entered March 21, 2013.
As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, on an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]). While the better practice would have been for the defendants to withdraw the prior appeal rather than abandon it, nonetheless, we exercise our discretion to review the issues raised on the appeal from so much of the order entered March 21, 2013, as was made upon reargument (see Kalafatis v Royal Waste Servs., Inc., 95 AD3d 954, 955 [2012]; Franco v Breceus, 70 AD3d 767 [2010]; Neuburger v Sidoruk, 60 AD3d 650 [2009]).
Upon reargument, the Supreme Court properly adhered to its original determination granting the plaintiffs motion for summary judgment on the issue of liability. The plaintiff had made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the defendant driver violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of the vehicle driven by the plaintiff. The defendant driver was negligent in failing to see that which, under the circumstances, she should have seen, and in crossing in front of the plaintiffs vehicle when it was hazardous to do so (see Charles v William Hird & Co., Inc., 102 AD3d 907 [2013]; Fenster v Ellis, 71 AD3d 1079, 1081 [2010]; Spivak v Erickson, 40 AD3d 962 [2007]; Torro v Schiller, 8 AD3d 364, 364-365 [2004]). Furthermore, since the plaintiff had the right-of-way, she was entitled to anticipate that the defendant driver would obey traffic laws which required her to yield (see Almonte v Tobias, 36 AD3d 636 [2007]; Maloney v Niewender, 27 AD3d 426, 426 [2006]; Moreback v Mesquita, 17 AD3d 420, 421 [2005]). In opposition, the defendants failed to raise a triable issue of fact (cf. Calemine v Hobler, 263 AD2d 495 [1999]). Accordingly, *758 the Supreme Court, upon reargument, properly adhered to its original determination granting the plaintiffs motion for summary judgment on the issue of liability.
Dillon, J.E, Dickerson, Cohen and Duffy, JJ., concur.