■ Dawnell Carroll-Batista, Respondent, v Marque A. Bennett et al., Respondents, and Frank Sansotta, Appellant. [995 NYS2d 718]—

In an action to recover damages for personal injuries, the defendant Frank Sansotta appeals from an order of the Supreme Court, Nassau County (Janowitz, J.), dated July 31, 2013, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the defendant Frank Sansotta's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiff allegedly sustained personal injuries when a vehicle operated by the defendant Frank Sansotta (hereinafter the Sansotta vehicle), in which she was a passenger, collided with a vehicle operated by the defendant Marque A. Bennett (hereinaf-

ter the Bennett vehicle) and owned by the defendant Setauket Transport, Inc. (hereinafter together the Bennett defendants), in a four-way intersection. Sansotta moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending that Bennett's failure to yield the right-of-way was the sole proximate cause of the accident. In support of his motion, Sansotta submitted, inter alia, an affidavit wherein he averred that he was traveling in the left-hand northbound lane of the roadway with the traffic light in his favor when he saw the Bennett vehicle make an abrupt stop in the left-turning southbound lane of the roadway and then attempt to make the turn in front of his vehicle. The Supreme Court denied the motion. We reverse.

Sansotta demonstrated his prima facie entitlement to judgment as a matter of law by establishing that Bennett violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the Sansotta vehicle as it was legally proceeding in a northerly direction with the right-of-way (see *Simeone v Cianciolo*, 118 AD3d 864 [2014]; *Ismail v Burnbury*, 118 AD3d 756 [2014]; *Sirlin v Schreib*, 117 AD3d 819 [2014]; *Fenster v Ellis*, 71 AD3d 1079 [2010]; *Torro v Schiller*, 8 AD3d 364 [2004]). As the Sansotta vehicle had the right-of-way, Sansotta was entitled to anticipate that Bennett would obey the traffic laws, which required him to yield to the Sansotta vehicle (see *Simeone v Cianciolo*, 118 AD3d 864 [2014]; *Ismail v Burnbury*, 118 AD3d 756 [2014]; *Fenster v Ellis*, 71 AD3d 1079 [2010]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519 [2006]).

The evidence submitted in opposition to the motion, including the deposition testimony of Sansotta, which was consistent with his affidavit, was insufficient to raise a triable issue of fact. The Bennett defendants' assertion that Sansotta could have avoided the accident is pure speculation (see *Sirlin v Schreib*, 117 AD3d 819 [2014]; *Colandrea v Choku*, 94 AD3d 1034 [2012]; *Vainer v DiSalvo*, 79 AD3d 1023 [2010]).

Accordingly, the Supreme Court should have granted Sansotta's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.