■ HYO JIN YOON et al., Appellants, v GUANG CHEN et al., Respondents. [7 NYS3d 471]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Butler, J.), entered April 14, 2014, which granted the

defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Hyo Jin Yoon was a passenger in a vehicle operated by the plaintiff Keumsoon Shin (hereinafter the plaintiff driver), when it collided with a vehicle operated by the defendant Guang Chen (hereinafter the defendant driver) and owned by the defendant Zhijie Chen at an intersection which was governed by a traffic light. The two vehicles were traveling in opposite directions, and the collision occurred as the plaintiffs' vehicle attempted to make a left turn. The plaintiffs commenced this action against the defendants, alleging that the plaintiff driver never saw the defendants' vehicle prior to the impact. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's failure to yield the right-of-way was the sole proximate cause of the accident. The Supreme Court granted the motion. We affirm.

The defendants established their entitlement to judgment as a matter of law by demonstrating that the plaintiff driver violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of the defendants' vehicle, and that this violation was the sole proximate cause of the accident. The plaintiff driver was negligent in failing to see what there was to be seen, and in attempting to make a left turn when it was hazardous to do so (see Simeone v Cianciolo, 118 AD3d 864, 865 [2014]; Ismail v Burnbury, 118 AD3d 756, 757 [2014]; Gabler v Marly Bldg. Supply Corp., 27 AD3d 519, 520 [2006]). Additionally, since the defendant driver had the right-of-way, he was entitled to anticipate that the plaintiff driver would obey traffic laws which required her to yield (see Ismail v Burnbury, 118 AD3d at 757; Moreno v Gomez, 58 AD3d 611, 612 [2009]; Moreback v Mesquita, 17 AD3d 420, 421 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant driver was comparatively at fault in the operation of his vehicle (see Simeone v Cianciolo, 118 AD3d at 865; Maloney v Niewender, 27 AD3d 426, 426-427 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.