■ CHANDRA K. KATIKIREDDY et al., Respondents, v JOSE A. ESPINAL et al., Appellants, et al., Defendants. [26 NYS3d 775]—

In an action to recover damages for personal injuries, etc.,

the defendants Jose A. Espinal and YRC Worldwide, Inc., doing business as New Penn Motor Express, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated March 12, 2014, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the appellants is denied.

The plaintiff Chandra Katikireddy (hereinafter the injured plaintiff) was a passenger in a taxi owned by the defendant William Village, Inc., doing business as Village Taxi, and operated by the defendant Sean M. Gibbons (hereinafter together the Village defendants). The Village defendants' taxi collided with a vehicle driven by the defendant Jose A. Espinal and owned by the defendant YRC Worldwide, Inc., doing business as New Penn Motor Express (hereinafter together the appellants). The collision occurred when Espinal attempted to make a left turn at an intersection while the Village defendants' taxi was passing through the intersection from the opposite direction.

Following the collision, the injured plaintiff, and his wife suing derivatively, commenced this action against the appellants and the Village defendants. The plaintiffs, inter alia, moved for summary judgment on the issue of liability against the appellants, contending that Espinal violated Vehicle and Traffic Law § 1141 in failing to yield the right of way to the Village defendants' taxi in making his left turn, and that such violation was the sole proximate cause of the accident. The Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the appellants.

Vehicle and Traffic Law § 1141 provides that the "driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." A violation of this statute constitutes negligence per se (see *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *Ciatto v Lieberman*, 266 AD2d 494, 495 [1999]; *Dalal v City of New York*, 262 AD2d 596, 597 [1999]).

The plaintiffs made a prima facie showing that Espinal violated Vehicle and Traffic Law § 1141 by failing to yield the right of way to the Village defendants' taxi when Espinal made

his left turn in the intersection (*see Ismail v Burnbury*, 118 AD3d 756, 757 [2014]; *Moreno v Gomez*, 58 AD3d 611, 612 [2009]; *Maloney v Niewender*, 27 AD3d 426, 426 [2006]). Among other things, the plaintiffs submitted the deposition testimony of Gibbons, the driver of the Village defendants' taxi, who stated that Espinal turned into his lane when Gibbons was two to three car lengths from the intersection and had a green light. Since Gibbons had the right of way, he was entitled to anticipate that Espinal would obey traffic laws requiring him to yield (*see Carroll-Batista v Bennett*, 122 AD3d 661, 661 [2014]; *Kotzias v Panagiotis*, 91 AD3d 607 [2012]; *Loch v Garber*, 69 AD3d 814, 816 [2010]).

In opposition to the plaintiffs' motion, however, the appellants raised a triable issue of fact as to whether they were free from fault and the accident was caused solely by Gibbons's negligence in driving the Village defendants' taxi (*see Anjum v Bailey*, 123 AD3d 852, 853 [2014]; *Fleming v Graham*, 34 AD3d 525, 526 [2006], *revd on other grounds* 10 NY3d 296 [2008]; *Calemine v Hobler*, 263 AD2d 495, 495-496 [1999]; *Camp v Lyons*, 42 AD2d 804 [1973]; *cf. Ismail v Burnbury*, 118 AD3d at 757; *Anzel v Pistorino*, 105 AD3d 784, 786 [2013]). Based on the deposition testimony submitted by the appellants, a jury could reasonably infer that Espinal began to make his left turn at a time when Gibbons's vehicle was as far as 20 car lengths away and that Gibbons caused the accident by speeding through the intersection and driving erratically. The appellants raised triable issues of fact as to whether Espinal began to make his left turn at a time when the Village defendants' taxi was not within the intersection and not "so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141). Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the appellants.

The appellants' remaining contentions have been rendered academic in light of our determination. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.