■ ANUOLUWA GIWA, Appellant, v PATRICE M. BLOOM, Respondent. [62 NYS3d 527]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated November 17, 2016, which denied her motion for summary judgment on the issue of liability and, in effect, for summary judgment dismissing the defendant's first and second affirmative defenses.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and, in effect, for summary judgment dismissing the defendant's first and second affirmative defenses is granted.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in connection with a motor vehicle accident that occurred at the intersection of Middle Country Road and Moriches Road in the Village of Lake Grove. The defendant was traveling west, and she was attempting to make a left turn from Middle Country Road onto Moriches Road when the collision occurred. The plaintiff was heading east in the opposite direction on Middle Country Road when the accident happened.

The plaintiff moved for summary judgment on the issue of liability and, in effect, for summary judgment dismissing the defendant's first and second affirmative defenses. The defendant's first affirmative defense alleged that the plaintiff was comparatively at fault in the happening of the accident. The defendant's second affirmative defense alleged that the plaintiff failed to use an available seatbelt. In the order appealed from, the Supreme Court denied the plaintiff's motion. The plaintiff appeals, and we reverse.

"The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141). "The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (*Gause v Martinez*, 91 AD3d 595, 596 [2012]; *see Yelder v Walters*, 64 AD3d 762, 764 [2009]). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a

collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d at 764 [citations omitted]; *see Fuertes v City of New York*, 146 AD3d 936, 937 [2017]; *Bennett v Granata*, 118 AD3d 652, 653 [2014]).

Here, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and, in effect, for summary judgment dismissing the defendant's first and second affirmative defenses. The plaintiff demonstrated, prima facie, that the defendant was negligent in violating Vehicle and Traffic Law § 1141 by making a left turn into the path of oncoming traffic without yielding the right-of-way to the plaintiff when the turn could not be made with reasonable safety (*see Sirlin v Schreib*, 117 AD3d 819, 819 [2014]; *see also Hyo Jin Yoon v Guang Chen*, 127 AD3d 1023, 1024 [2015]; *Ismail v Burnbury*, 118 AD3d 756, 757 [2014]). The defendant testified at her deposition that she observed the plaintiff's vehicle traveling in the opposite direction prior to the accident, but that she thought that she had enough time to cross the opposite lane of travel notwithstanding the fact that she was unable to gauge the speed of the plaintiff's vehicle. The undisputed fact that the defendant was, in fact, unable to complete her turn without being struck by the plaintiff's vehicle is compelling evidence of the immediate hazard created by the plaintiff's vehicle as it approached the intersection (*see Yelder v Walters*, 64 AD3d at 764; *Le Claire v Pratt*, 270 AD2d 612, 613 [2000]; *cf. Matter of Gerber v New York State Dept. of Motor Vehs.*, 129 AD3d 959, 961 [2015]). The evidence demonstrated that the defendant violated Vehicle and Traffic Law § 1141 by failing to "yield the right of way to any vehicle approaching from the opposite direction which [was] . . . so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141; *see Hyo Jin Yoon v Guang Chen*, 127 AD3d at 1024; *Ismail v Burnbury*, 118 AD3d at 757; *Sirlin v Schreib*, 117 AD3d at 819). Regardless of which vehicle entered the intersection first, the plaintiff, as the driver with the right-of-way, was entitled to anticipate that the defendant would obey traffic laws which required her to yield (*see Yelder v Walters*, 64 AD3d at 764; *cf. Kassim v Uddin*, 119 AD3d 529, 530 [2014]; *Lee v Hossain*, 111 AD3d 799, 799 [2013]).

The plaintiff also demonstrated that the defendant's negligence was the sole proximate cause of the accident, and that she was not comparatively at fault in the happening of the accident. The plaintiff testified at her deposition that she entered

the intersection with the light in her favor, and that she first saw the defendant attempt to cross into her lane of travel as she was traveling through the intersection, at which time she slammed on her brakes in an unsuccessful attempt to avoid the collision. Accordingly, the plaintiff's submissions established, prima facie, her freedom from comparative fault and her entitlement to judgment as a matter of law dismissing the first affirmative defense (*see Foley v Santucci*, 135 AD3d 813, 814 [2016]; *Sirlin v Schreib*, 117 AD3d at 819; *Yelder v Walters*, 64 AD3d at 764). The plaintiff's submissions further established, prima facie, her entitlement to judgment as a matter of law dismissing the second affirmative defense. In this regard, the plaintiff testified that she was wearing her seatbelt at the time of the accident.

The defendant submitted only an attorney affirmation in opposition to the plaintiff's motion. The defendant's submission failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing. Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and, in effect, for summary judgment dismissing the defendant's first and second affirmative defenses. Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.