Shashaty v Gavitt (2018 NY Slip Op 01347)





Shashaty v Gavitt


2018 NY Slip Op 01347


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2016-11885
 (Index No. 20957/13)

[*1]William Shashaty, appellant, 
v
Arthur H. Gavitt, et al., respondents.


Elefterakis, Elefterakis & Panek (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Drucker Nolen and Nicholas Hurzeler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated October 6, 2016, as denied that branch of his motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 18, 2012, at approximately 11:30 a.m., the plaintiff, who was riding a motorcycle, collided with a vehicle owned by the defendant Foodliner, Inc., and operated by the defendant Arthur H. Gavitt. The collision took place at the intersection of 86th Street and Gatling Place in Brooklyn. At the time of the accident, the plaintiff was traveling east on 86th Street, and Gavitt was turning left from westbound 86th Street onto Gatling Place.
The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries. The plaintiff moved, inter alia, for summary judgment on the issue of liability. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
"The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141). "The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (Gause v Martinez, 91 AD3d 595, 596; see Yelder v Walters, 64 AD3d 762, 764). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d at 764 [citations omitted]; see Fuertes v City of New York, 146 AD3d 936, 937; Bennett v Granata, 118 AD3d 652, 653).
Here, the plaintiff demonstrated, prima facie, that Gavitt was negligent in violating Vehicle and Traffic Law § 1141 "by making a left turn into the path of oncoming traffic without yielding the right of way to the plaintiff when the turn could not be made with reasonable safety" [*2](Sirlin v Schreib, 117 AD3d 819, 819; see Hyo Jin Yoon v Guang Chen, 127 AD3d 1023, 1024; Ismail v Burnbury, 118 AD3d 756, 757). The undisputed fact that Gavitt was, in fact, unable to complete his left turn " without being struck by [the plaintiff's] vehicle'" (Yelder v Walters, 64 AD3d at 764, quoting Le Claire v Pratt, 270 AD2d 612, 613) demonstrates that he violated Vehicle and Traffic Law § 1141 by failing to "yield the right of way to any vehicle approaching from the opposite direction which [was] . . . so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141; see Hyo Jin Yoon v Guang Chen, 127 AD3d at 1024; Ismail v Burnbury, 118 AD3d at 757; Sirlin v Schreib, 117 AD3d at 819; cf. Gause v Martinez, 91 AD3d at 597). "Regardless of which vehicle entered the intersection first, [the plaintiff], as the driver with the right-of-way, was entitled to anticipate that [Gavitt] would obey traffic laws which required [him] to yield" (Yelder v Walters, 64 AD3d at 764).
The plaintiff also demonstrated, prima facie, that Gavitt's negligence was the sole proximate cause of the accident, and that the plaintiff was not comparatively at fault in the happening of the accident. In this regard, the plaintiff testified at his deposition that he was traveling at 25 miles per hour immediately prior to the accident and, upon seeing Gavitt commence making the left turn in front of him, he immediately applied his brakes in an attempt to avoid colliding with Gavitt's vehicle, but he was unable to avoid the collision (see Sirlin v Schreib, 117 AD3d at 819-820; Ducie v Ippolito, 95 AD3d 1067, 1068; Yelder v Walters, 64 AD3d at 764).
In opposition to the plaintiff's prima facie showing, however, the defendants raised a triable issue of fact as to whether the plaintiff was traveling at an excessive rate of speed immediately prior to the accident and whether he could have avoided the accident through the exercise of reasonable care (see Rodriguez v Klein, 116 AD3d 939, 940; see also Steiner v Dincesen, 95 AD3d 877; Casaregola v Farkouh, 1 AD3d 306, 307). Since issues of fact exist as to whether the plaintiff was comparatively at fault in the happening of the accident, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court