Yu Mei Liu v Weihong Liu (2018 NY Slip Op 05076)





Yu Mei Liu v Weihong Liu


2018 NY Slip Op 05076


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-03129
 (Index No. 513574/15)

[*1]Yu Mei Liu, appellant, 
v
Weihong Liu, defendant, Yuki Tanaka, et al., respondents.


Andrew Park, P.C., New York, NY (Alexander Berger of counsel), for appellant.
Jennifer S. Adams, Yonkers, NY (Raychel Camilleri of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated February 14, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Yuki Tanaka and Jonathan Harris which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a vehicle operated by the defendant Weihong Liu (hereinafter Liu), in which the plaintiff was a passenger, collided with a vehicle operated by the defendant Jonathan Harris and owned by the defendant Yuki Tanaka (hereinafter together the defendants). Liu was making a left turn in an intersection while the defendants were proceeding straight through the intersection when the collision occurred.
The plaintiff commenced this action to recover damages for personal injuries. After joinder of issue, but before discovery was complete, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, granted that branch of the defendants' motion, and the plaintiff appeals.
"The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141). "The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (Gause v Martinez, 91 AD3d 595, 596; see Giwa v Bloom, 154 AD3d 921; Yelder v Walters, 64 AD3d 762, 764). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d at 764 [citations omitted]; see Giwa v Bloom, 154 AD3d 921; Fuertes v City of New York, 146 AD3d 936, 937; Bennett v Granata, 118 AD3d 652, 653).
Here, the defendants established their prima facie entitlement to judgment as a matter [*2]of law. They demonstrated, through their respective affidavits, that Liu violated Vehicle and Traffic Law § 1141 when he made a left turn directly into their vehicle, and that this violation was the sole proximate cause of the subject accident, as Harris stated in his affidavit that he had only one second to react once Liu made a sudden left turn (see Hyo Jin Yoon v Guang Chen, 127 AD3d 1023, 1024). In opposition, the plaintiff failed to raise a triable issue of fact. Further, the plaintiff's contention that the defendants' motion should have been denied as premature is unpersuasive, as the plaintiff failed to demonstrate how discovery might lead to relevant evidence or that facts essential to opposing the motion were exclusively within the defendants' knowledge or control (see CPLR 3212[f]; Diaz v Mai Jin Yang, 148 AD3d 672, 674; Williams v Spencer-Hall, 113 AD3d 759, 760).
Accordingly, Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court