Ming-Fai Jon v Wager (2018 NY Slip Op 07304)





Ming-Fai Jon v Wager


2018 NY Slip Op 07304


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-02644
 (Index No. 506633/16)

[*1]Ming-Fai Jon, et al., appellants, 
v
Lucia Wager, et al., respondents, et al., defendant.


Caesar and Napoli, P.C., New York, NY (Kelsey M. Crowley of counsel), for appellants.
James G. Bilello (Russo & Tambasco, Melville, NY [Yamile R. Al-Sullami], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 24, 2018. The order denied the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted by the plaintiff Ming-Fai Jon.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted by the plaintiff Ming-Fai Jon is granted.
The plaintiff Ming-Fai Jon (hereinafter the injured plaintiff) allegedly was injured when a motorcycle he was operating collided with a vehicle operated by the defendant Lucia Wager and leased by the defendant William Wager (hereinafter together the defendants) . The collision took place at the intersection of Avenue O and West 6th Street in Brooklyn. At the time of the collision, the injured plaintiff was traveling east on Avenue O, and Lucia Wager was traveling west on Avenue O and turning left onto southbound West 6th Street. Subsequently, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendants and another party. The plaintiffs moved for summary judgment on the issue of liability insofar as asserted by the injured plaintiff. The Supreme Court denied the motion. The plaintiffs appeal.
Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle that is within the intersection or so close to it as to constitute an immediate hazard (see Attl v Spetler, 137 AD3d 1176; Ducie v Ippolito, 95 AD3d 1067, 1067-1068; Ahern v Lanaia, 85 AD3d 696). A violation of this statute constitutes negligence per se (see Katikireddy v Espinal, 137 AD3d 866, 867; Vainer v DiSalvo, 79 AD3d 1023, 1024).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that Lucia Wager violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of the injured plaintiff's motorcycle. Lucia Wager was negligent in failing to see what was there to be seen, and in attempting to make a left turn when it was hazardous [*2]to do so (see Shashaty v Gavitt, 158 AD3d 830, 831; Hyo Jin Yoon v Guang Chen, 127 AD3d 1023; Ismail v Burnbury, 118 AD3d 756, 757; Gabler v Marly Bldg. Supply Corp., 27 AD3d 519, 520). Regardless of who entered the intersection first, the injured plaintiff, as the driver with the right-of-way, was entitled to anticipate that Lucia Wager would obey traffic laws which required her to yield (see Shashaty v Gavitt, 158 AD3d at 831-832; Yelder v Walters, 64 AD3d 762, 764). In opposition, the defendants failed to submit evidence sufficient to raise a triable issue of fact as to whether Lucia Wager had a nonnegligent explanation for colliding with the injured plaintiff's motorcycle (see Rodriguez v City of New York, 31 NY3d 312). Contrary to the defendants' contention, the statement contained in the injured plaintiff's medical record as to how fast his motorcycle was traveling at the time of the collision was not admissible as an admission, since the source of the information was not identified and it did not contain information that was germane to his diagnosis or treatment (see Berrios v TEG Mgt. Corp., 35 AD3d 775, 776; Echeverria v City of New York, 166 AD2d 409, 410; Gunn v City of New York, 104 AD2d 848, 849-850).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted by the injured plaintiff.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court