Brodney v Picinic (2019 NY Slip Op 03314)





Brodney v Picinic


2019 NY Slip Op 03314


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-07855
 (Index No. 708875/17)

[*1]Tyler Brodney, respondent, 
v
Maria Picinic, et al., appellants.


Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for appellants.
Kravet Hoefer & Maher, P.C., Bronx, NY (John A. Maher of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered May 16, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him when a vehicle he was operating struck a vehicle operated by the defendant Maria Picinic and owned by the defendant Egidio Picinic. The accident allegedly occurred when the defendant driver, who was traveling southbound on Marathon Parkway in Queens, attempted to make a left turn onto Thebes Avenue and was struck by the plaintiff's vehicle which was traveling in the opposite direction on Marathon Parkway.
After joinder of issue but before depositions were taken, the plaintiff moved, inter alia, for summary judgment on the issue of liability, and the Supreme Court granted that branch of the motion. The defendants appeal. We reverse insofar as appealed from.
Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (see Ming-Fai Jon v Wager, 165 AD3d 1253, 1253-1254; Attl v Spetler, 137 AD3d 1176). A violation of this statute constitutes negligence per se (see Katikireddy v Espinal, 137 AD3d 866, 867; Vainer v DiSalvo, 79 AD3d 1023, 1024).
The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through, inter alia, his own affidavit, which established that the defendant driver violated Vehicle and Traffic Law § 1141 by turning left in front of his vehicle without warning [*2]or signaling, leaving him no time to react (see Ming-Fai Jon v Wager, 165 AD3d at 1253; Shashaty v Gavitt, 158 AD3d 830, 831; Hyo Jin Yoon v Guang Chen, 127 AD3d 1023). Contrary to the defendants' contention, a plaintiff need not demonstrate his or her freedom from comparative fault in order to meet his or her prima facie burden for summary judgment on the issue of a defendant's liability (see Rodriguez v City of New York, 31 NY3d 312).
However, in opposition, through the affidavit of the defendant driver, the defendants raised a triable issue of fact as to whether the defendant driver violated Vehicle and Traffic Law § 1141. The defendant driver averred that, as she approached the intersection, she slowed her vehicle, activated her left hand turn signal, and "looked to ensure that the roadway was clear." As she was in the process of turning, she noticed the plaintiff's vehicle for the first time and observed it traveling toward her at such an excessive rate of speed that she was unable to avoid the impact. The foregoing was sufficient to raise a triable issue of fact as to whether, at the time the defendant driver initiated her turn, the plaintiff's vehicle was "so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141; see Katikireddy v Espinal, 137 AD3d 866, 868; Calemine v Hobler, 263 AD2d 495, 495; cf. Foley v Santucci, 135 AD3d 813, 814).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court