Bunch v Gwood (2022 NY Slip Op 01136)





Bunch v Gwood


2022 NY Slip Op 01136


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-15129
 (Index No. 501965/16)

[*1]Maadia Monet Bunch, etc., et al., respondents, 
v
Garfield A. Gwood, et al., defendants, Roberto A. Venditti, etc., et al., appellants.


Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for appellants.
Peter DeFilippis & Associates, P.C. (Joshua Annenberg, New York, NY, of counsel), for respondents.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for defendant Garfield A. Gwood.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the defendants Roberto A. Venditti, IESI NY Corporation, IESI Corporation, Progressive Waste Solutions of LI, Inc., Progressive Waste Solutions Ltd., and Progressive Waste Solutions TS of LI, Inc., appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 13, 2018. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against the defendants Roberto A. Venditti, IESI NY Corporation, and IESI Corporation.
ORDERED that the appeal by the defendants Progressive Waste Solutions of LI, Inc., Progressive Waste Solutions Ltd., and Progressive Waste Solutions TS of LI, Inc., from so much of the order as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against the defendants Roberto A. Venditti, IESI NY Corporation, and IESI Corporation is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants Roberto A. Venditti, IESI NY Corporation, and IESI Corporation and insofar as reviewed on the appeal by the defendants Progressive Waste Solutions of LI, Inc., Progressive Waste Solutions Ltd., and Progressive Waste Solutions TS of LI, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the planitiffs.
On July 9, 2014, the plaintiffs' decedent was a passenger in a vehicle operated by the defendant Garfield A. Gwood when the vehicle collided with a garbage truck operated by the defendant Roberto A. Venditti and owned by the defendant IESI NY Corporation. The collision [*2]occurred at the intersection of Utica Avenue and Avenue D in Brooklyn. At the time of the collision, Gwood was traveling south on Utica Avenue into the intersection, and Venditti, who had been traveling north on Utica Avenue, was attempting to make a left turn at the intersection, across the southbound lanes.
The plaintiffs commenced this action, inter alia, to recover damages for wrongful death. After discovery, the plaintiffs moved, among other things, for summary judgment on the issue of liability. Venditti, IESI NY Corporation, the defendant IESI Corporation, which allegedly employed Venditti, and three other defendants, which also allegedly employed Venditti and owned the garbage truck (hereinafter collectively the moving defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 13, 2018, the Supreme Court, inter alia, denied the moving defendants' motion and granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against Venditti, the driver of the garbage truck, as well as against IESI NY Corporation, based on its ownership of the truck and employment of Venditti, and IESI Corporation, based on its employment of Venditti. The moving defendants appeal.
Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." "'The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law'" (Sapienza v Harrison, 191 AD3d 1028, 1030, quoting Attl v Spetler, 137 AD3d 1176, 1176).
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (S.G. v Singh, 189 AD3d 786, 787, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). Here, the plaintiffs established, prima facie, that Venditti was negligent in violating Vehicle and Traffic Law § 1141 by making a left turn into the path of Gwood's vehicle without yielding the right-of-way to Gwood when the turn could not be made with reasonable safety, and that Venditti's negligence was a proximate cause of the accident (see Giwa v Bloom, 154 AD3d 921, 922; Ismail v Burnbury, 118 AD3d 756, 757; cf. Katikireddy v Espinal, 137 AD3d 866, 867-868). In opposition, the moving defendants failed to raise a triable issue of fact.
The moving defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against Venditti, IESI NY Corporation, and IESI Corporation, and properly denied the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court