Whitehead v David Rosen Bakery Supplies, Inc. (2022 NY Slip Op 04829)

Whitehead v David Rosen Bakery Supplies, Inc.

2022 NY Slip Op 04829

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-08574
 (Index No. 524227/19)

[*1]Lotoya C. Whitehead, et al., respondents,
v
David Rosen Bakery Supplies, Inc., et al., appellants.

Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Martin A. Schwartzberg of counsel), for appellants.
Ogen & Sedaghati, P.C., New York, NY (John F. Occhiogrosso and Eitan Alexander Ogen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated September 25, 2020. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 14, 2017, at approximately 7:00 a.m., the plaintiff Andros V. Rodney was driving a vehicle eastbound on Liberty Avenue in Queens, with the plaintiff Lotoya C. Whitehead as a passenger. As the plaintiffs' vehicle passed through the intersection of Liberty Avenue and 150th Street with a green traffic signal, a vehicle operated by the defendant William C. Andrews (hereinafter the defendant driver) and owned by the defendant David Rosen Bakery Supplies, Inc., driving westbound on Liberty Avenue, made a left turn and collided with the plaintiffs' vehicle. In or about October 2019, the plaintiffs commenced this action to recover damages for personal injuries. Thereafter, the plaintiffs moved, inter alia, for summary judgment on the issue of liability. In an order dated September 25, 2020, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Ortiz v Zurita, 195 AD3d 734, 735 [internal quotation marks omitted]). To be entitled to summary judgment on the issue of liability, "'a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault'" (Balladares v City of New York, 177 AD3d 942, 943, quoting Rodriguez v City of New York, 31 NY3d 312, 324-325; see Odetalla v Rodriguez, 165 AD3d 826, 827).
Further, "[a] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030 [internal quotation marks omitted]). "Vehicle and Traffic Law § 1141 provides that the driver of a vehicle intending to turn [*2]to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Katikireddy v Espinal, 137 AD3d 866, 867 [internal quotation marks omitted]).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence that the defendant driver was negligent in violating Vehicle and Traffic Law § 1141 by making a left turn into the plaintiffs' lane of traffic without yielding the right-of-way when the turn could not be made with reasonable safety, and that the defendant driver's negligence was a proximate cause of the accident (see Bunch v Gwood, 202 AD3d 1036, 1036; Katikireddy v Espinal, 137 AD3d at 867; Ismail v Burnbury, 118 AD3d 756, 757). In opposition, the defendants failed to raise a triable issue of fact.
Furthermore, contrary to the defendants' contention, the plaintiffs' motion was not premature, since the defendants failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively in the knowledge and control of the plaintiffs (see CPLR 3212[f]; Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1552-1553; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632).
Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court