■ AZEDDINE MAHIEDDINE-BENZIANE et al., Respondents, v PATRICK J. O'CONNOR et al., Defendants, and RAFAEL A. FIGUEROA et al., Appellants. [35 NYS3d 221]—

In an action to recover damages for personal injuries, etc., the defendants Rafael A. Figueroa and I&R Private Service appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 9, 2015, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against them and denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against the defendants Rafael A. Figueroa and I&R Private Service, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action to recover damages for personal injuries arises from an accident involving three motor vehicles. The plaintiff Azeddine Mahieddine-Benziane, the driver of the lead vehicle, was stopped at a red light at an intersection when the vehicle he was driving was struck in the rear by a vehicle immediately behind him operated by the defendant Rafael A. Figueroa and owned by the defendant I&R Private Service (hereinafter together the defendants). The defendants' vehicle was struck in the rear by a vehicle leased and operated by the defendant Patrick J. O'Connor.

As is relevant to this appeal, Mahieddine-Benziane and his wife, the plaintiff Maria Ielati (hereinafter together the plaintiffs), moved for summary judgment on the issue of liability. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, asserting that their vehicle was stopped at the light when it was struck by O'Connor's vehicle and, as a result, was propelled into the plaintiffs' lead vehicle. The Supreme Court,

inter alia, granted the plaintiffs' motion and denied the defendants' cross motion.

The Supreme Court erred in granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against the defendants. The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability by submitting evidence that their vehicle was lawfully stopped when the accident occurred, and that Mahieddine-Benziane did not engage in any culpable conduct that contributed to the accident. However, in opposition, the defendants raised a triable issue of fact as to whether they were completely free from fault in the happening of the accident by submitting evidence that their vehicle was propelled into the lead vehicle when it was struck in the rear by O'Connor's vehicle (*see Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 25 [2015]; *Anjum v Bailey*, 123 AD3d 852, 853 [2014]; *Pinilla v New York City Tr. Auth.*, 122 AD3d 703, 705 [2014]). Thus, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against the defendants.

The Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them (*see Polanco-Espinal v City of New York*, 84 AD3d 914, 915 [2011]; *Vavoulis v Adler*, 43 AD3d 1154, 1156 [2007]).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that, prior to the accident, their vehicle was stopped and that it was propelled into the lead vehicle when it was struck in the rear by O'Connor's vehicle (*see Fonteboa v Nugget Cab Corp.*, 123 AD3d 759, 760 [2014]; *Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]). However, in opposition, the plaintiffs submitted the deposition testimony of Mahieddine-Benziane, in which he indicated that he experienced two impacts, thereby raising a triable issue of fact as to whether the defendants' vehicle struck the lead vehicle before it was struck in the rear by O'Connor's vehicle.

The defendants' remaining contention is without merit. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.