■ ANDRE M. PIERRE, Appellant, v JOSE A. DEMOURA et al., Respondents. [48 NYS3d 260]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), entered February 24, 2016, which denied, without prejudice to renew upon the completion of discovery, his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff allegedly was injured when a vehicle operated by the defendant Jose A. Demoura, which was owned by his wife, the defendant Dorys Demoura, struck his vehicle in the rear. The plaintiff thereafter commenced this action to recover damages for personal injuries against the defendants, alleging negligence. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, with leave to renew upon

the completion of discovery. The plaintiff appeals, and we reverse.

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Moluh v Vord*, 143 AD3d 680 [2016]; *Lutz v Defabio*, 140 AD3d 1032 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Stanford v Smart Pick, Inc.*, 134 AD3d 1096, 1097 [2015]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by relying on his affidavit and a certified police accident report, which demonstrated that as he was slowing for a stopped vehicle in front of him, his vehicle was struck in the rear by the defendants' vehicle, and that he was not comparatively negligent in the happening of the accident (*see Mahieddine-Benziane v O'Connor*, 140 AD3d 1125, 1125 [2016]; *Lutz v Defabio*, 140 AD3d at 1032; *Orellana v Maggies Paratransit Corp.*, 138 AD3d 941, 942 [2016]; *Phillip v D&D Carting Co.*, 136 AD3d at 26).

In opposition, the defendants failed to establish that the plaintiff's motion for summary judgment was premature, as they failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see Turner v Butler*, 139 AD3d 715, 716 [2016]; *Le Grand v Silberstein*, 123 AD3d 773 [2014]; *Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]). The defendants' professed need to conduct discovery did not warrant denial of the motion since they already had personal knowledge of the relevant facts (*see Turner v Butler*, 139 AD3d 715 [2016]). The defendants failed to submit an affidavit from the defendant driver describing his own version of the events surrounding the subject accident so as to rebut the plaintiff's version. The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion (*see Le Grand v Silberstein*, 123 AD3d at 775; *Williams v Spencer-Hall*, 113 AD3d at 760; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Moreover, the affirmation of the defendants' attorney was insufficient to raise a triable issue of fact as to whether the defendants had a nonnegligent explanation for the collision or whether the plaintiff was comparatively negligent in the happening of the accident (*see Browne v Castillo*, 288 AD2d 415 [2001]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.