Chen v City of New York (2021 NY Slip Op 03161)





Chen v City of New York


2021 NY Slip Op 03161


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-07308
 (Index No. 706913/16)

[*1]Olympia Chen, etc., et al., appellants,
v
City of New York, et al., respondents.


Wade T. Morris, New York, NY, for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered April 30, 2019. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
In June 2016, the infant plaintiff (hereinafter the infant) by her mother and natural guardian, and her mother suing derivatively, commenced this action against the defendants, City of New York, New York City Department of Education, and Michelle Alexiou (hereinafter the teacher), to recover damages for injuries the plaintiffs alleged that the infant sustained as a first-grader at her elementary school in Queens. The plaintiffs alleged that, in April 2015, the infant, together with her class and the teacher, left the classroom and proceeded downstairs to the school's cafeteria for lunch. When the infant arrived at the cafeteria, the teacher directed the infant to "quickly go up" the interior staircase of the school to retrieve an item from the classroom and "quickly come down." According to the infant, who testified at a General Municipal Law § 50-h hearing, the teacher remained at the bottom of the stairs while she ran up the stairs. The infant testified that she fell and hit her head on the edge of a stair. She then got up, walked slowly to the classroom where she saw blood dripping onto the paper she had retrieved, and that she then got tissues to wipe the blood and, after a few minutes, the teacher arrived and took her to the school nurse. The plaintiffs allege that the infant sustained personal injuries as a result of the incident, and moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses asserting comparative negligence. As is relevant to this appeal, the Supreme Court denied the motion on the ground that it was premature. The plaintiffs appeal.
Contrary to the Supreme Court's determination, the plaintiffs' motion was not premature as the defendants failed to offer an evidentiary basis to suggest that discovery may lead [*2]to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiffs (see CPLR 3212[f]; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955; Pierre v Demoura, 148 AD3d 736, 737). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiffs' motion (see Pierre v Demoura, 148 AD3d at 737). Likewise, the defendants' contention that they still need to depose the teacher is not a basis for denying the motion as premature since the defendants already had personal knowledge of the relevant facts and could have submitted an affidavit from the teacher (see Pierre v Demoura, 148 AD3d at 737; see e.g. Booker v New York City Hous. Auth., 167 AD3d 690, 691). Thus, the court should have determined the merits of the plaintiffs' motion.
Nonetheless, on the merits, the plaintiffs failed to establish their entitlement to summary judgment on the issue of liability. A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that such negligence was a proximate cause of the alleged injuries (see Poon v Nisanov, 162 AD3d 804, 807). "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Murray v Ardsley Union Free Sch. Dist., 162 AD3d 890, 891). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury" (B.T. v Bethpage Union Free Sch. Dist., 173 AD3d 806, 807 [internal quotation marks omitted]). "[T]here may be more than one proximate cause of an accident" and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Davidoff v First Dev. Corp., 148 AD3d 773, 775).
Here, the plaintiffs failed to eliminate all triable issues of fact as to whether the lack of adequate supervision by the defendants was a proximate cause of the infant's injuries (see Poon v Nisanov, 162 AD3d at 807-808; see generally K.J. v City of New York, 156 AD3d 611, 614). Since the plaintiffs failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law on this issue, we need not review the sufficiency of the defendants' opposition papers in that regard (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, the plaintiffs established, prima facie, that the infant was not comparatively at fault in causing the accident (see e.g. Poon v Nisanov, 162 AD3d at 808). The infant testified that the teacher directed her to go quickly up the stairs to the classroom to retrieve an item and then to return quickly. In opposition, the defendants failed to raise a triable issue of fact in that regard (see Alvarez v Prospect Hosp., 68 NY2d 320, 326-327).
The parties' remaining contentions are either not properly before this Court or without merit.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court