Parris-Kofi v Redneck, Inc. (2022 NY Slip Op 02461)

Parris-Kofi v Redneck, Inc.

2022 NY Slip Op 02461

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

532091
[*1]Felecia Parris-Kofi, Respondent,
v
Redneck, Inc., et al., Appellants, et al., Defendant.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ.

Monaco Cooper Lamme & Carr, PLLC, Albany (Michelle A. Storm of counsel), for appellants.
Pecoraro & Schiesel LLP, Croton on Hudson (Steven Pecoraro of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered July 28, 2020 in Albany County, which, among other things, granted plaintiff's cross motion for partial summary judgment on the issue of liability and for summary judgment dismissing an affirmative defense.
Plaintiff commenced this action to recover damages as a result of personal injuries sustained in an alleged three-car, chain-reaction automobile accident. Plaintiff was the front-seat passenger in a vehicle driven by defendant Krubosumo O. Baysah when, as the first vehicle in the chain, it allegedly was struck from behind by a vehicle owned and operated by defendant Dakota M. Sharadin. Sharidan's vehicle allegedly hit plaintiff's vehicle after it was struck from behind by a third vehicle, a box truck owned by defendant Redneck, Inc. and operated by defendant Seth Michael Kelly (hereinafter collectively referred to as defendants).
As is relevant here, defendants filed an amended answer and cross claim against Sharadin and Baysah. Plaintiff subsequently settled her claim against Baysah. Sharadin thereafter moved for summary judgment dismissing the complaint, as well as defendants' cross claim. Plaintiff opposed and cross-moved for partial summary judgment on the issue of liability against defendants, dismissal of defendants' affirmative defense of culpable conduct and removal of Baysah from the caption. Defendants opposed only plaintiff's cross motion. Supreme Court granted both motions in their entirety, and also searched the record and dismissed defendants' cross claim against Baysah. Defendants appeal.[FN1]
On a motion for summary judgment, it is the movant's initial burden to establish prima facie entitlement to judgment as a matter of law by submitting proof in admissible form demonstrating the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Reese v Raymond Corp., 202 AD3d 1304, 1306 [2022]). Upon such a showing, the burden shifts to the nonmovant to raise a triable issue of fact, again through the submission of competent evidence (see Alvarez v Prospect Hosp., 68 NY2d at 324; Durr v Capital Dist. Transp. Auth., 198 AD3d 1238, 1240 [2021]). The evidence must be viewed in the light most favorable to the nonmovant, and that party must be given the benefit of every favorable inference (see McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1160 [2022]).
In support of her cross motion, plaintiff submitted her own deposition testimony as well as a sworn affidavit from Baysah. Both plaintiff and Baysah stated that their vehicle was traveling slowly when it was struck hard from behind. According to Baysah, he heard a large impact between vehicles behind him and then, almost immediately, felt and heard the vehicle behind him strike his vehicle. Baysah indicated that the impact was so severe that it forced his vehicle's sunroof to open. Baysah also stated that he spoke to Sharadin immediately after the accident, and Sharadin [*2]admitted hitting him.[FN2] In addition, plaintiff relied upon Sharadin's deposition, wherein he testified that his vehicle had come to a complete stop when it was struck from behind by defendants' vehicle. This proof was sufficient for plaintiff to satisfy her initial burden of demonstrating prima facie entitlement to summary judgment against defendants on the issue of liability (see Warner v Kain, 162 AD3d 1384, 1385 [2018]).
Although defendants, in opposition to plaintiff's cross motion, did not dispute that their vehicle struck Sharadin's vehicle, they contended that there is a triable issue of fact as to whether Sharadin's vehicle was thereby propelled forward into Baysah's vehicle, causing plaintiff's injuries. In that regard, defendants relied on Sharadin's deposition testimony, wherein he was asked whether being struck from behind caused his vehicle to then strike the one in front of him, and he responded, "Not that I am aware of."[FN3] Elsewhere in his deposition, Sharadin was asked whether, shortly after the accident had occurred, he believed that the front of his car had been pushed into the rear of the car in front of him, and he answered, "No." Additionally, in a subsequent sworn affidavit, Sharadin stated that, although he could not be certain that he had not made contact with the car in front of him, he "was not aware of and did not feel any contact between [his] car and the car ahead." The foregoing evidence, viewed in the light most favorable to defendants as the nonmovants, was sufficient to raise a genuine issue of material fact as to whether Sharadin's vehicle, after being struck from behind by defendants' vehicle, was forced forward into Baysah's vehicle (see Mahieddine-Benziane v O'Connor, 140 AD3d 1125, 1126 [2016]). Therefore, Supreme Court erred in granting summary judgment to plaintiff on the issue of liability.
Dismissal of defendants' affirmative defense of culpable conduct on the part of plaintiff was proper. There was nothing in the record to support a finding that plaintiff, as a passenger in the first vehicle, was in any way culpable (see Luck v Tellier, 222 AD2d 783, 785 [1995]). In light of our ruling herein, defendants' alternative argument that plaintiff's cross motion for summary judgment was premature has been rendered academic.
Egan Jr., J.P., Pritzker and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that portion of plaintiff's cross motion seeking partial summary judgment on the issue of liability; cross motion denied to said extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Defendants made reference to Supreme Court's dismissal of their cross claim against Baysah in the "Questions Presented" portion of their brief. However, defendants made no further mention of this issue and, indeed, advanced no substantive arguments in connection therewith. As such, we deem this issue abandoned (see Matter of Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1830 n [2020]).

Footnote 2: Sharadin's statement to Baysah constitutes competent evidence pursuant to the hearsay exception for a party admission (see Vogler v Perrault, 149 AD3d 1298, 1299 n [2017]; Schindler v Mejias, 100 AD3d 1315, 1317 [2012]).

Footnote 3: Sharadin initially answered, "No," but later changed his answer on an errata sheet.