Matter of County of Albany (Johnson) (2023 NY Slip Op 02564)

Matter of County of Albany (Johnson)

2023 NY Slip Op 02564

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

534230
[*1]In the Matter of the Foreclosure of Tax Liens by County of Albany. County of Albany, Respondent; Lloyd Johnson, Appellant.

Calendar Date:February 22, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Lloyd Johnson, Albany, appellant pro se.
Eugenia Koutelis Condon, County Attorney, Albany (Mark T. Houston of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Albany County (Stacy L. Pettit, J.), entered May 21, 2021, which, in a proceeding pursuant to RPTL article 11, granted petitioner's motion for summary judgment.
Respondent is the owner of real property located on Colonie Street in the City of Albany. After respondent allegedly failed to pay his 2014-2018 real property taxes, petitioner commenced the instant in rem tax foreclosure proceeding pursuant to RPTL article 11. Respondent thereafter failed to redeem the property by paying the unpaid tax liens. Instead, he interposed an answer asserting that he did not receive proper notice of the tax lien, that the $22,365.87 in charges listed under 2018 are unjustifiable and unfamiliar, that demolition costs cannot be imposed as a tax lien and that a new tax assessment is necessary to recalculate the property tax. Petitioner then moved for summary judgment and respondent opposed said motion. County Court subsequently granted petitioner's motion, awarding possession of the property to petitioner. Respondent appeals.
Respondent asserts that County Court erred in granting petitioner's motion for summary judgment. "On a motion for summary judgment, it is the movant's initial burden to establish prima facie entitlement to judgment as a matter of law by submitting proof in admissible form demonstrating the absence of any material issues of fact. Upon such a showing, the burden shifts to the nonmovant to raise a triable issue of fact" (Parris-Kofi v Redneck, Inc., 204 AD3d 1180, 1181 [3d Dept 2022] [internal citations omitted]; see EPG Assoc., LP v Cascadilla Sch., 194 AD3d 1158, 1159-1160 [3d Dept 2021], lv dismissed 37 NY3d 1103 [2021]).
Initially, respondent contends that petitioner's moving papers are insufficient to grant summary judgment as they consist solely of petitioner's attorney affidavit and same was not based on personal knowledge. We disagree. Petitioner's attorney's affidavit "was a vehicle for the submission of acceptable attachments which do provide evidentiary proof in admissible form" (Blueberry Invs. Co. v Ilana Realty, 184 AD2d 906, 908 [3d Dept 1992] [internal quotation marks and citation omitted]). Additionally, petitioner relies on the presumption of validity that attaches in RPTL article 11 proceedings, that "the tax lien is presumed valid, and [petitioner] has no obligation 'to plead or prove the various steps, procedures and notices for the assessment and levy of the taxes or other lawful charges against the parcel[ ]' " (Matter of County of Orange [Al Turi Landfill, Inc.], 75 AD3d 224, 236 [2d Dept 2010], quoting RPTL 1134). That said, in light of a recent decision from the Court of Appeals, we now reverse County Court's finding that the alleged defects in service raised by respondent are not material due to the RPTL presumption of validity.
In James B. Nutter & Co. v County of Saratoga (__ NY3d ___, 2023 NY Slip Op 01469 [2023], revg 195 AD3d 1359 [3d Dept 2021]), the Court ruled that RPTL 1125 (1) (b) (i) contains no presumption of service and that "an interested party may create a factual issue as to whether the taxing authority has complied with the requirements of RPTL 1125 (1) (b) . . . despite the taxing authority's submission of the 'affidavit[s] of mailing' mandated by [RPTL] 1125 (3) (a) and evidence that no mailings were returned" (id. at *3). Here, petitioner's attorney avers in support of its motion for summary judgment that "affidavits documenting compliance with all RPTL requirements for this proceeding have been publicly filed with the [c]ounty [c]lerk as a part of the judgment roll therein; and, assuming without conceding, that any noticing defects as to [a]nswerants occurred, by service of an [a]nswer therein [a]nswerants concedes actual notice of the pendency of this proceeding and its applicability to the above said parcel, thereby as a matter of law obviating any such defects." Although RPTL 1125 (1) (b) "contains no requirement of actual notice and evidence of the failure to receive notice is, by itself, insufficient to demonstrate noncompliance" (id.), this generic language failed to affirmatively establish compliance with the statutory mailing requirements as it failed to establish that the notice of foreclosure was mailed to respondent's actual mailing address or the last address listed in petitioner's records and that the records had been searched to verify that the mailings to respondent were not returned (see Matter of County of Seneca [Maxim Dev. Group], 151 AD3d 1611, 1614 [4th Dept 2017]; Matter of County of Sullivan [Basile], 43 AD3d 598, 599 [3d Dept 2007]).[FN1] As petitioner failed to establish its prima facie entitlement to summary judgment, County Court should not have granted the motion.
As this matter is being remitted to County Court, we also address respondent's objection to the sum of $22,365.87 listed as an "other charge[ ]" from the 2018 tax lien. There is reference to this charge being a demolition fee.[FN2] Contrary to respondent's contention that demolition fees are not recoverable in an in rem tax proceeding, fees of this sort are indeed recoverable by virtue of the normal process of levying and collecting city property taxes (see Matter of Town of Irondequoit v County of Monroe, 36 NY3d 177, 184-185 [2020]). However, respondent avers that he is unfamiliar with the charge, that it is "incorrect, inaccurate and unverifiable" and that the amount is "grossly [e]rroneous" and "wrong." Moreover, the record contains a photograph depicting a parcel of land improved by a single-family residence. Otherwise, the record is devoid of any explanation as to what constitutes the charge, including what, if anything, was demolished. Where, as here, issues of fact have been raised as to this "other charge[ ]" — which is relevant in the context of this foreclosure action — County Court is obliged to either conduct a hearing or "appoint a referee to take such evidence as it may direct" (RPTL 1130 [2]; accord Matter of County of Ulster [ERED Enters., Inc.], 121 AD3d 111, 115 [3d Dept 2014], lv dismissed 24 NY3d 988 [2014]. The parties' remaining contentions have been considered and found to be without merit.
Garry, P.J., Egan Jr., Aarons and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The record does not contain the affidavits of service.

Footnote 2: The amount also includes associated interest.