Kishun v Roman (2023 NY Slip Op 05718)

Kishun v Roman

2023 NY Slip Op 05718

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-01925
 (Index No. 702012/18)

[*1]Sarojini Kishun, etc., plaintiff-appellant,
v
Alexis Roman, et al., respondents, Kevin Aquino-Figuereo, et al., defendants-appellants.

Davidoff Law, P.C., Forest Hills, NY (Mark Peter Getzoni of counsel), for plaintiff-appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Jonah S. Zweig], of counsel), for defendants-appellants.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Kevin Aquino-Figuereo and Xpress Transport & Multi Services, Inc., separately appeal, from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated March 8, 2021. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants Alexis Roman and Evelyn Roman which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants Kevin Aquino-Figuereo and Xpress Transport & Multi Services, Inc., granted that branch of the motion of the defendants Alexis Roman and Evelyn Roman which was for summary judgment dismissing the cross-claims asserted against them.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On January 19, 2017, on Woodhaven Boulevard at or near its intersection with 101st Avenue in Queens, Rayan Kishun (hereinafter the decedent) was a passenger in a vehicle operated by the defendant Kevin Aquino-Figuereo and owned by the defendant Xpress Transport & Multi Services, Inc. (hereinafter together the Xpress defendants), when it came into contact with a vehicle operated by the defendant Alexis Roman and owned by the defendant Evelyn Roman (hereinafter together the Roman defendants). At the time of the collision, the Roman defendants' vehicle was traveling with a green traffic light in the right service lane on Woodhaven Boulevard, and the Xpress defendants' vehicle was traveling in the opposite direction on Woodhaven Boulevard and turning left onto 101st Avenue.
The decedent commenced this action to recover damages for personal injuries against the defendants on February 8, 2018. The Xpress defendants asserted cross-claims against the Roman defendants for common-law indemnification and contribution. The decedent died in May 2019, and Sarojini Kishun, as administrator of the decedent's estate, was substituted as the plaintiff in this [*2]action. In October 2020, the Roman defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, contending, inter alia, that Aquino-Figuereo caused the accident by making a left turn when it was unsafe to do so, in violation of Vehicle and Traffic Law § 1141. The Supreme Court granted the Roman defendants' motion. The plaintiff appeals, and the Xpress defendants separately appeal.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1121, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Enriquez v Joseph, 169 AD3d 1008, 1008-1009). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (see Brodney v Picinic, 172 AD3d 673, 674; Ming-Fai Jon v Wager, 165 AD3d 1253, 1253-1254). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Attl v Spetler, 137 AD3d 1176, 1176; see Shashaty v Gavitt, 158 AD3d 830, 831). "'Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Choo v Virginia Transp. Corp., 204 AD3d 743, 744, quoting Yelder v Walters, 64 AD3d 762, 764; see Shashaty v Gavitt, 158 AD3d at 831).
Here, the Roman defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that Aquino-Figuereo was negligent in making a left turn when it was not reasonably safe to do so, directly into the path of the Roman defendants' oncoming vehicle, in violation of Vehicle and Traffic Law § 1141 (see Choo v Virginia Transp. Corp., 204 AD3d at 745; Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612-613). The Roman defendants also established that they were not at fault in the happening of the accident by demonstrating that Alexis Roman was traveling with the green light, was not exceeding the speed limit, slowed down as he approached the intersection, and attempted to stop his vehicle when the Xpress defendants' vehicle sped up and crossed his vehicle's lane of travel (see Shashaty v Gavitt, 158 AD3d at 832).
In opposition, the plaintiff and the Xpress defendants failed to raise a triable issue of fact (see Bunch v Gwood, 202 AD3d 1036, 1038; Sapienza v Harrison, 191 AD3d 1028; Giwa v Bloom, 154 AD3d 921, 922-923). The Xpress defendants failed to submit an affidavit of Aquino-Figuereo, and the attorney affirmations that the plaintiff and the Xpress defendants submitted were alone insufficient to raise a triable issue of fact (see Giwa v Bloom, 154 AD3d at 923; Pierre v Demoura, 148 AD3d 736, 737).
Contrary to the contentions of the plaintiff and the Xpress defendants, the Roman defendants' motion was not premature, as the plaintiff and the Xpress defendants failed to demonstrate that discovery might lead to relevant evidence, or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the Roman defendants (see CPLR 3212[f]; Hewitt v Gordon-Fleetwood, 163 AD3d 536, 537; Turner v Butler, 139 AD3d 715, 716).
Accordingly, the Supreme Court properly granted the Roman defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court