Derosier v Chillemi (2025 NY Slip Op 04629)

Derosier v Chillemi

2025 NY Slip Op 04629

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-07079
 (Index No. 522754/17)

[*1]Patrick Derosier, plaintiff-appellant, 
v
James Chillemi, et al., respondents, Bendary A. Eltaiar, defendant-appellant.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for plaintiff-appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for defendant-appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca and Stephen F. Kusnetz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Bendary A. Eltaiar separately appeals, from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated June 9, 2023. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants James Chillemi and Angela Julia Grazia Chillemi which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant Bendary A. Eltaiar, granted the motion of the defendants James Chillemi and Angela Julia Grazia Chillemi for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the appeal by the defendant Bendary A. Eltaiar from so much of the order as granted that branch of the motion of the defendants James Chillemi and Angela Julia Grazia Chillemi which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendant Bendary A. Eltaiar is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants James Chillemi and Angela Julia Grazia Chillemi.
In May 2017, the plaintiff allegedly was injured when the taxicab in which he was a passenger, owned and operated by the defendant Bendary A. Eltaiar, collided with a vehicle owned by the defendant James Chillemi and operated by the defendant Angela Julia Grazia Chillemi at an intersection in Brooklyn. The accident allegedly occurred when Eltaiar attempted to make a left turn across Angela's lane of travel.
In November 2017, the plaintiff commenced this action to recover damages for personal injuries. James and Angela (hereinafter together the Chillemi defendants) thereafter moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, arguing, inter alia, that Eltaiar's alleged violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. In an order dated June 9, 2023, the Supreme Court granted the Chillemi defendants' motion. The plaintiff appeals, and Eltaiar separately appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1121, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Enriquez v Joseph, 169 AD3d 1008, 1008-1009). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Brodney v Picinic, 172 AD3d 673, 674 [internal quotation marks omitted]; see Ming-Fai Jon v Wager, 165 AD3d 1253, 1253-1254). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Attl v Spetler, 137 AD3d 1176, 1176; see Shashaty v Gavitt, 158 AD3d 830, 831). "'Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Kishun v Roman, 221 AD3d 795, 796 [internal quotation marks omitted], quoting Choo v Virginia Transp. Corp., 204 AD3d 743, 744; see Shashaty v Gavitt, 158 AD3d at 831; Yelder v Walters, 64 AD3d 762, 764).
Here, the Chillemi defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against them by demonstrating that Eltaiar was negligent by making a left turn when it was not reasonably safe to do so, directly into the path of the Chillemi defendants' oncoming vehicle, in violation of Vehicle and Traffic Law § 1141 (see Kishun v Roman, 221 AD3d at 796). The Chillemi defendants also established, prima facie, that Angela was not at fault in the happening of the accident by demonstrating that Angela was stopped at the intersection while the light was red, that she waited for the light to turn green, and that she proceeded into the intersection at approximately five miles per hour (see id.). In opposition, the plaintiff and Eltaiar failed to raise a triable issue of fact (see Bunch v Gwood, 202 AD3d 1036, 1038; Giwa v Bloom, 154 AD3d 921, 922-923).
Accordingly, the Supreme Court property granted the Chillemi defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court