Kelley v Verizon Servs. Corp. (2025 NY Slip Op 04888)

Kelley v Verizon Servs. Corp.

2025 NY Slip Op 04888

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-04856
 (Index No. 514169/23)

[*1]Quentin Kelley, appellant, 
v
Verizon Services Corp., et al., respondents.

Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Maria Pavlatos and Anthony Luckie of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Caroline Piela Cohen, J.), dated May 9, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, assumption of risk, and failure to wear a seatbelt.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, assumption of risk, and failure to wear a seatbelt is granted.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when the vehicle he was operating was struck in the rear by a vehicle owned by the defendants. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, assumption of risk, and failure to wear a seatbelt. In an order dated May 9, 2024, the Supreme Court denied the motion. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Jimenez-Pantaleon v Aucancela, 221 AD3d 676). "Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Montalvo v Cedeno, 170 AD3d 1166, 1167).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting an affidavit wherein he averred that his vehicle was stopped at a red traffic light when it was struck in the rear by the defendants' vehicle (see Maurice v Donovan, 235 AD3d 633, 634; Martin v Copado-Esquivel, 226 AD3d 668, 670; Montalvo v Cedeno, 170 AD3d at 1167). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that he was not at fault in the happening of the accident (see Martin v [*2]Copado-Esquivel, 226 AD3d at 670). The plaintiff established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging failure to wear a seatbelt by presenting evidentiary proof in admissible form that he was wearing a seatbelt during the accident (see Maurice v Donovan, 235 AD3d at 635). In addition, the plaintiff established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging assumption of risk, as this doctrine does not apply to this case (see Custodi v Town of Amherst, 20 NY3d 83, 88-90; Brewster v Riseboro Community Partnership, Inc., 234 AD3d 810, 812).
In opposition, the defendants "'failed to submit an affidavit from a person with personal knowledge of the facts either denying the plaintiff['s] allegations or offering a nonnegligent explanation for the collision'" (Maurice v Donovan, 235 AD3d at 635, quoting Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737; see Sapienza v Harrison, 191 AD3d 1028, 1030). The attorney affirmation submitted in opposition to the plaintiff's motion was insufficient to raise a triable issue of fact (see Kishun v Roman, 221 AD3d 795, 797; Giwa v Bloom, 154 AD3d 921, 923).
Contrary to the defendants' contention, the plaintiff's motion was not premature, as the defendants failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Maurice v Donovan, 235 AD3d at 635; Kishun v Roman, 221 AD3d at 797; Pierre v Demoura, 148 AD3d 736, 737).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, assumption of risk, and failure to wear a seatbelt.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court